IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-196-WDM-OES

THE QUIZNO'S MASTER LLC and
THE QUIZNO'S FRANCHISE COMPANY LLC,

      Plaintiffs,

v.

SEMIRA REZAIE,

      Defendant.

---

## ORDER ON PARTIES' AGREED PRELIMINARY INJUNCTION

Miller, J.

This matter is before me on the Response to Show Cause Order filed by

plaintiffs, The Quizno's Master LLC and Quizno's Franchise Company LLC (Quizno's)

and the parties' Agreed Preliminary Injunction.  Plaintiffs request that I enter the

tendered Agreed Preliminary Injunction and permit them at least thirty days to file an

application for default against defendant Semira Rezaie (Rezaie).  I have reviewed the

proposed injunction order and agree that entry of an order is proper.  For purposes of

the following order, I accept the parties' factual stipulations as set forth in the Agreed

Preliminary Injunction.

Based upon those stipulations, it is ordered:

1.    Rezaie, her agents, servants and employees, and those people in active

concert or participation with her are preliminarily enjoined from:

a.    Using Quizno's Marks or any trademark, service mark, logo or trade name that is confusingly similar to Quizno's Marks;

b.    Otherwise infringing Quizno's Marks or using any similar designation, alone or in combination with any other components;

c.    Passing off any of her products or services as those of Quizno's or its authorized franchisees;

d.    Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of her businesses, products, or services;

e.    Causing a likelihood of confusion or misunderstanding as to her affiliation, connection, or association with Quizno's and its franchisees or any of Quizno's products or services; and

f.    Unfairly competing with Quizno's or its franchisees in any manner.

2.   Rezaie, her agents, servants, and employees, and those people in active concert or participation with her are enjoined for a period of two years, beginning on December 10, 2004, from having any direct or indirect interest as a disclosed or beneficial owner, investor, partner, director, officer, employee, consultant, representative, agent, or in any other capacity in any restaurant or other food service business deriving more than ten percent of its gross receipts, excluding gross receipts relating to the sale of alcoholic beverages, from the sale of submarine, hoagie, and/or deli-style sandwiches within a five mile radius of her former Quizno's Restaurant or within a five mile radius of any

other Quizno's Restaurant.

3.      The motion for preliminary injunction, filed February 3, 2005, is denied as moot.

4.      The parties shall show cause on or before September 26, 2005, why this

injunction should not be made permanent and this case closed.  If no

response is received by that date, I will enter an order making the injunction

permanent and closing this case.

DATED at Denver, Colorado, on September 8, 2005.

BY THE COURT:


/s/ Walker D. Miller
United States District Judge